**Albert A. HANNA, Plaintiff–Appellant,**

v.

**INFOTECH CONTRACT SERVICES, INC. and Pfizer Inc., Defendants– Appellees.**

**Docket No. 03–7519.**

United States Court of Appeals, Second Circuit.

March 11, 2004.

Thomas G. Moukawsher, Moukawsher & Walsh LLC, Groton, CT, for Plaintiff–Appellant.

Mary A. Gambardella, Epstein Becker & Green, P.C., Stamford, CT, for Defendant–Appellee Pfizer Inc.

Neil A. Capobianco, Greenburg Traurig, LLP, New York, NY, for Defendant–Appellee InfoTech Contract Services, Inc.

PRESENT: LEVAL, CALABRESI, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Albert A. Hanna appeals from a decision by the United States District Court for the District of Connecticut (Underhill, *J.*) granting summary judgment in favor of the defendants. In December 1999, Hanna entered into a one-year contract with defendant-appellee In-

foTech Contract Services, Inc. ("Info-Tech"), to provide computer support services to defendant-appellant Pfizer Inc. In February 2000, Pfizer requested that Hanna be removed from its account, because he had allegedly sexually harassed several of its female employees. InfoTech subsequently terminated Hanna's contract.

Hanna brought suit against InfoTech, alleging discrimination in violation of 42 U.S.C. § 2000e *et seq.* and Conn. Gen.Stat. § 46a–60 *et seq.*, as well as breach of contract, breach of the implied covenant of good faith and fair dealing, defamation of character, and negligent infliction of emotional distress. He also named Pfizer as a defendant, alleging discrimination, tortious interference with contract, defamation, and negligent infliction of emotional distress.

The district court found that Hanna had made out a prima facie case of discrimination, but that the defendants had offered a legitimate non-discriminatory reason for their decision—namely, the multiple sexual harassment complaints from Pfizer employees. It concluded that Hanna had provided no evidence that would allow a jury to conclude that the termination of Hanna was motivated by discrimination. Hanna, who states that he is of "an Arab ethnic background," contended below—as he does here on appeal—that one of complainants, Glenda Bryant, was motivated by anti-Arab animus, and either acted to orchestrate the other harassment complaints, or exercised supervisory authority in the decision to have Hanna removed from his position at Pfizer. But the district court found (a) that Bryant was a non-supervisory employee, (b) that there was no evidence that she fomented a conspiracy to convince other women to fabri-

cate claims against Hanna, and (c) that the key decision makers knew, at the time that they made their decision, of several other women who had reported harassing behavior. It therefore concluded that, even if Bryant harbored the discriminatory motives attributed to her, there was no way to attribute any purported animus to Pfizer itself.[1]

The district court granted summary judgment to defendant on Hanna's other claims as well. It found (a) that his employment contract with InfoTech was terminable-at-will[2] and that Hanna's discharge did not violate public policy because he was terminated for sexual harassment (b) that InfoTech had fired Hanna after its client, Pfizer, complained that he had sexually harassed several women, which no reasonable jury could find to be an action taken in "bad faith," (c) that a reasonable jury could not conclude that Pfizer had acted maliciously, and thereby tortiously interfered with Hanna's contract, (d) that the allegedly defamatory comments were "privileged," because they were made within and between corporations, *inter alia,* to protect against sexual harassment and (e) that Hanna alleged no facts that could tend to show negligent infliction of emotional distress.

We have considered all of appellant's claims and find them meritless. We therefore AFFIRM the judgment of the district court for substantially the reasons it stated.

---

1. The district court also concluded that there was insufficient evidence to support a hostile work environment claim, or a claim for discriminatory retaliation.

2. In any event, the contract was certainly terminable for good cause, and the district court's findings established the existence of such cause.